UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

Eastern District of Kentucky
FILED
JUL - 1 2005
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**CRIMINAL CASE NO. 03-21-DLB**
**CIVIL ACTION NO.04-238-DLB**

**UNITED STATES OF AMERICA**                                    **Plaintiff**

v.

**NOLBERTO SALINAS**                                         **Defendant**

## REPORT AND RECOMMENDATION

Nolberto Zunia Salinas has filed a *pro se* motion under 28 U.S.C. § 2255, supported by an extensive memorandum, to vacate his sentence. (Docs 35 & 36.) The United States filed a response, (Doc. 45), and Defendant interposed a lengthy reply memorandum, (Doc. 46). While awaiting the response of the United States to his motion, however, Defendant also filed a "Motion for Judgment of Pleading." (Doc. 43.) To this latter motion, the United States filed a document entitled "Objection to Defendant's Motion for Judgment on the Pleadings." (Doc. 44.) Finally, Defendant also filed a document entitled "Bond," to which he attached an "Affidavit of Underwrite of Bond and Service of Process." (Doc. 51.) The United States replied to the allegations in this document in its "Supplemental Response to Defendant's Motion for Judgment on the Pleadings." (Doc. 48.) The matter is more than fully briefed[1], therefore, and has been referred to the undersigned for initial consideration and a report and recommendation. *See* 28 U.S.C. § 636(b).

---

[1] An additional document received after the documents described above did not bear a certificate of service and was not accompanied by the necessary request for leave to file. It was, therefore, treated as correspondence and not considered in the resolution of the § 2255 motion.

1

## Factual Background

Defendant Salinas pleaded guilty to a one-count federal indictment. The facts to which he admitted in his rearraignment indicate that on March 10th, 2003, he was driving a quantity of marijuana from Columbus, Ohio to Georgetown, Kentucky, when he was pulled over and ticketed for speeding. (Doc. 39, p. 24.) The marijuana was in both the trunk and in the pulled-down back seat of the vehicle. *Id.* at 25. For his services, Salinas was to be paid $60.00 per pound. *Id.* He had actually brought the marijuana from Houston, Texas, but the original recipient in Columbus refused the delivery. *Id.* at 26.

In his plea agreement, Salinas stated that he understood he was pleading guilty to intentionally possessing with intent to distribute more than 100 kilograms of marijuana, or 275 pounds. *Id.* at 10 and 12 ( summarizing June 13, 2003 plea agreement). He also indicated that he agreed with his attorney's advice not to file a motion to suppress and that by pleading guilty he was giving up his right to "challenge the length of the detention before the drug dog came." *Id.* at 12-13.

The district court judge detailed the effect of the sentencing guidelines on Salinas's case, explaining the criminal history calculation, Defendant's career offender status, and the calculation that yielded a guideline range of 262 to 327 months, 8 years of supervised release, and a fine of $17,500 to $4,000,000. *Id.* at 15-17. Defendant Salinas continually replied that he understood. *Id.* at 17. Also, as part of his plea agreement, he retained the right to directly appeal his sentence or to collaterally attack it. *Id.* at 20.

At sentencing, no objections were raised to the presentence report, which the district court judge summarized as resulting in a total offense level of 34, with a Criminal History Category of

VI, which yielded a guideline range of 262 to 327 months. (Doc. 40, pp. 3-4.) After hearing defense counsel's arguments for a downward departure, based on the career offender provision resulting in disproportionately harsh treatment and on the lack of sophistication of Defendant Salinas's role in the overall distribution network, *id.* at 5-10, the district court denied the motion for downward departure, but sentenced the Defendant to the bottom of the guideline range, 262 months of imprisonment. *Id.* at 14-16.

Although Defendant Salinas was notified of his right to appeal the sentence[2], *id.* at 18, he did not appeal. (Doc. 35, p. 3.) Rather, he timely filed his petition under 28 U.S.C. § 2255.

## Analysis

As noted above, several motions are currently pending, some of which can be readily resolved.

1. <u>Motion for Judgment on the Pleadings (Doc. 43)</u>

Defendant appears to be under the impression that if the United States fails to respond to a motion under 28 U.S.C. § 2255, the criminal defendant wins on that motion. However, he cites no authority or rule as support for that proposition; nor is the Court aware of any. Even if a default judgment were possible in a § 2255 action, it would not be justified where, as here, the United States did respond to the Defendant's motion in a timely fashion, albeit with an extension

---

[2]In his § 2255 petition, Defendant Salinas states that he did not appeal because he "was not informed that [he] had a right to appeal the lower court's sentence." (Doc. 35, p. 4.) The transcripts of his rearraignment and sentencing clearly establish that the topic of what appeal rights were waived and what were retained was discussed at some length, that Defendant Salinas indicated on the record that he understood what rights he retained, that at sentencing the district judge stated to Salinas that he "did retain the right to appeal your sentence," that the clerk read the notice of appeal at sentencing, and that Defendant Salinas signed the "Court's Advice of Right to Appeal" form. In light of these facts, Defendant's statement in the petition that he "was not informed" of his right to appeal his sentence is not credible.

3

of the deadline. Defendant Salinas's requested relief is not supported by the facts or the law and should be denied.

2.  Bond and Affidavit (Doc. 51)

This document posed a puzzle to the United States and to this Court, as well. Apparently, Defendant is utilizing commercial law and attempting to post bond in lieu of a filing fee. However, as no filing fee or bond is required of a criminal defendant wishing to collaterally attack his federal sentence under § 2255, the bond and affidavit should be deemed moot, and of no effect.

If, however, the United States's interpretation of these documents is correct, that Defendant is attempting to challenge the authority for, or his need to satisfy, the $100.00 special assessment included in his judgment in the criminal trial, Defendant Salinas need look no further than the judgment itself (Doc. 31) for that authority. A criminal defendant cannot absolve him or herself from the need to satisfy the financial requirements of a judgment by resort to principles of commercial law, particularly the Uniform Commercial Code, which is merely a model law, not a federal statute. Defendant seems to be working under the impression that there is some form of contract between him, the Court, and the United States. There is not. Therefore, contract principles simply do not apply to any transactions between Defendant, this Court, and the United States. The document entitled "Bond and Affidavit" should be denied as moot. The only transaction properly before the Court at this time is Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, to which the Court will next proceed.

4

3.    Motion to Vacate, Set Aside, or Correct Sentence under § 2255 (Doc. 35)

To succeed in a § 2255 motion, a defendant must show that his sentence resulted from a "fundamental defect" in the proceedings that resulted in a "complete miscarriage of justice or an egregious error violative of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). The grounds upon which Defendant Salinas urges the grant of his motion will be set forth here without change or editorial comment:

> Ground One: INEFFECTIVE ASSISTANCE OF COUNSEL  Counsel fail to conclude a plea bargain that demonstrated facts (drug amount) admitted by the Petitioner upon which the court could used in imposing sentence;
> Ground Two: INEFFECTIVE ASSISTANCE OF COUNSEL  Counsel fail to provide effective assistance when he allowed Petitioner to enter a plea that would allow the Court to impose an enhanced sentence based upon facts no admitted by the Petitioner;
> Ground Three: INEFFECTIVE ASSISTANCE OF COUNSEL  Counsel misrepresentation of the plea negotiation, in that, the court could not impose a sentence greater than the 100 kilogram of marijuana as outlined by the Federal Sentencing Guidelines;
> Ground Four: THE DISTRICT COURT ERRED IN ENHANCING PETITIONER'S SENTENCE BASED UPON FACTS NOT ADMITTED BY HIM  The Court exceeded its proper authority by imposing a sentence based upon additional findings not admitted by the Petitioner.

(Doc. 35, pp. 5-6.)  In addition, in his supporting memorandum, Defendant added a fifth ground:

> Ground Five: INEFFECTIVE ASSISTANCE OF COUNSEL. Salinas now argues that he was denied effective assistance of counsel when his counsel fail to properly argue that the 851 enhancement was deficient on its face, because his indictment fail to prescribe the penalty provision of 21 U.S.C. § 841(b), thereby not placing him on notice of the enhanced sentence pursuant to § 851.

(Doc. 36, p. 10.)   Because the same legal analysis must be applied to the four ineffective assistance of counsel claims, they will be discussed together.  First, however, Ground Four will be addressed.

5

A.  Enhancement of Offense Level

In light of the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), Defendant argues that an "enhancement" imposed by the district court judge, not based on facts found by the jury or admitted by him, violates his Sixth Amendment rights. However, he fails to specify what enhancement was imposed. Defendant admits to pleading guilty to possession of "100 kilograms or more of marijuana" but then objects that the Court sentenced him based on "more tha[n] 100 kilograms of marijuana." The words "or more" in the drug quantity to which Defendant admitted are synonymous with the words "more than" or, for that matter, the words "in excess of" used in the plea agreement signed by the Defendant. Even if these words were not synonymous, the distinction would have no impact on Defendant's sentence; the district court judge sentenced Defendant on the basis of the admitted 100 kilograms of marijuana, no more.[3] No enhancement was based on a fact found by that judge but not admitted by Defendant or found by a jury. The *Blakely* argument simply does not apply here.

Nor can the Defendant properly object to the increase in his base offense level. For one reason, he failed to object to the presentence report at his sentencing or to appeal the sentence. However, looking at the merits, he admitted in his plea agreement to the two prior drug convictions that resulted in that base level increase. Once again, only facts admitted to by Defendant Salinas were used in calculating and imposing his sentence. Here again, the *Blakely* argument would not apply, even if prior convictions were not exempted from the types of facts to be found by a jury or admitted by a defendant. *See id.* at 2535 (quoting *Apprendi v. New Jersey*,

---

[3]The base offense level of 26 was properly set by utilizing U.S.S.G. § 2D1.1(c)(7): "At least 100 KG but less than 400 KG of Marihuana."

6

530 U.S. 466, 490(2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime . . . must be submitted to a jury . . ..")).

Although not raised by Defendant, a brief mention of the recent Supreme Court action affecting the Sentencing Guidelines is in order. After briefing was complete in this case, the United States Supreme Court decided the case of *United States v. Booker*, 125 S. Ct. 738, 769 (2005)(Breyer, J.'s Opinion of the Court), in which it concluded that the holdings of the case – that the federal sentencing guidelines violate the Sixth Amendment and making the guidelines advisory – must be applied "to all cases on direct review." The Court then quoted from *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), the proposition that a "new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final." 125 S. Ct. at 769. The question whether the rule also applies retroactively to cases pending on collateral review, only hinted at by the Supreme Court's specific reference to "direct review" has been answered in the negative by the Sixth Circuit in *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). The other courts of appeals that have considered the retroactivity question have also held that *Booker* is not retroactive to cases that mount a collateral attack on a final judgment. *See Guzman v. United States*, 231 N.Y.L.J. 21 (2d Cir. Apr. 15, 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (per curiam). As Defendant Salinas's conviction was final when the time within which he could have filed a direct appeal expired, and his § 2255 motion mounts only a collateral attack, under these precedents, the *Booker* case provides no grounds for relief from his conviction and sentence.

For all the reasons stated in this section, the Court should find that the *Booker* decision does not apply retroactively to cases on collateral review. Therefore, the federal sentencing guidelines were appropriately used in determining Defendant Salinas's sentence. No enhancement or calculation, of either his criminal history or his base offense level, was based upon a finding by the Court of a fact, relating to drug quantity or prior drug convictions, not admitted by Defendant Salinas. Therefore, Ground Four of his § 2255 motion provides no support for the requested relief.

B.     Ineffective Assistance of Counsel

Defendant alleges four distinct errors on the part of trial counsel that he claims deprived him of effective representation: 1) counsel allowed him to enter a plea containing an "undetermined amount of marijuana;" 2) counsel failed to negotiate a plea that admitted a specific "drug amount;" 3) counsel misrepresented the plea negotiation to Defendant; and 4) counsel failed to argue that the § 851 enhancement was "deficient on its face." To establish ineffective assistance of counsel, a defendant must show not only that his attorney's performance was deficient, but also a "reasonable probability" that the result would have been different if not for that deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). Even taken as a whole, the alleged errors do not meet the standard.

1) "Undetermined Amount of Marijuana"

The language "100 kilograms or more . . . of marijuana" comes directly from the penalty provision of the federal statute Defendant Salinas pleaded guilty to violating. In 21 U.S.C. § 841(b)(1)(B)(vii), the penalty for violating the statute with this quantity of marijuana is set at 5 to 40 years. The statute also provides that if the person commits the violation "after a prior

8

conviction for a felony drug offense has become final" the term of imprisonment may be from 10 years to life. *Id.*  In other words, the exact quantity of marijuana is not relevant to either the guilt or penalty phase, if the quantity exceeds 100 kilograms, which Defendant Salinas admitted it did.  Therefore, the fact that counsel did not insist upon a precise quantity in the plea agreement is not only not evidence of deficient performance, it is wholly irrelevant.

2) Counsel Allowed the Court to Enhance the Sentence

As discussed above, no enhancements were applied to Defendant Salinas's sentence.  The calculations of his base offense level and criminal history were based entirely on facts admitted by him both in the written plea agreement, and at his rearraignment.  Therefore, nothing counsel did or did not do affected the ultimate sentence, which was based upon the admitted 100 kilograms of marijuana and two prior drug convictions.  Indeed, likely as a result of counsel's well supported arguments for a downward departure, the district court sentenced Defendant Salinas at the very bottom of the guideline range.

3) Counsel Misrepresented to Defendant What the Sentence Could Be

In light of the extensive discussions at the rearraignment and in the written plea agreement, Defendant Salinas's statement that he was not aware of what his sentence would be is not credible.  However, his ground for his ineffective assistance claim is that counsel failed to inform him that the Court could impose a sentence higher than the sentence for the 100 kilograms.  As the Court did no such thing, then counsel did not misrepresent anything.

4) Failure to Object to Section 851 Enhancement

The penalty to which Defendant Salinas was subjected is clearly spelled out on page 3 of the indictment:  not less than ten years or more than life imprisonment.  The United States

9

complied with 21 U.S.C. § 851(a)(1). Nothing about the indictment or the actions of the United States was insufficient or improper, so defense counsel's failure to object was appropriate, not deficient performance.

In summary, all of Defendant's claimed instances of ineffective assistance of counsel are either not supported by the facts or not sufficient to meet the standard of *Strickland* that the performance be "deficient." The Court should hold, therefore, that Defendant was not deprived of his Sixth Amendment right to effective assistance of counsel.

None of the claimed grounds for the motion provide any basis for the grant of such a motion.

## Conclusion

As Defendant fails to show that his sentence resulted from a "fundamental defect" in the proceedings resulting in a "complete miscarriage of justice" or an "egregious error violative of due process," *see Watson*, 165 F.3d at 488, IT IS RECOMMENDED THAT

1) Defendant's motion to vacate, set aside, or correct his sentence (Doc. 35) be DENIED;

2) Defendant's motion for judgment on the pleadings (Doc. 43) be DENIED; and

3) Defendant's document entitled "Bond and Affidavit" be DENIED AS MOOT, as it has no apparent relevance to the § 2255 motion, which is the only motion properly before the Court.

Particularized objections to this Report and Recommendation must be filed within ten days of the date of its service, or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). A party may file a response to another party's objections within ten days of being served with a

copy of those objections. Fed. R. Civ. P. 72(b).

    Dated the \_\_\_\_1\_\_\_ day of July, 2005.

                                               J. GREGORY WEHRMAN
                                               UNITED STATES MAGISTRATE JUDGE